*Rider* *vs.* *Alexander* *& Kathan.*

---

### Taft vs. Howard.

It is the office of an innuendo, in a declaration to explain what is before alledged; not to introduce any new matter ; and, if the matter before alledged be insufficient, it cannot be aided by an innuendo.

THIS was an action for words.    The declaration, after the usual *Windham,* introduction, but without any *colloqium,* procedes.    " The defend- *August.* ant did, on the 15th day of June, 1813, at Townsend aforesaid, *1814.* with a loud voice, speak, utter and publish the following false, scandalous and malicious words, of, and concerning the plaintiff, to wit : I have come to see you (meaning the said Amasa) about burning my bark house, (meaning the bark house of the defendant and others, which had then lately been burnt, standing a little eastward from Marsh's store, and Charles Phelp's office in said Townsend) I want that you (meaning the plaintiff) should give me (meaning the defendant) some satisfaction respecting the matter, (meaning the burning of the bark house aforesaid.)    I do not think you would have done it, (meaning, have burnt the bark house) if you had not been influenced by your father and grandfather.    Upon which the plaintiff said, that he knew nothing about the matter.    Then the defendant, proceeded, and, with a loud voice, did utter and publish the following false, scandalous and malicious words, to wit : I know more about the matter (meaning the burning of the bark house aforesaid) than you (meaning the plaintiff) think for.    I know that you (meaning the plaintiff) set it on fire, and you (meaning the plain-

*Windham,*
August
1814.

*Taft*
*vs.*
Howard.

tiff) had better own the matter ; you can settle it easier than when it is proved.

To this declaration there was a demurrer and joinder,

*Field* and *Charles Phelps,* in support of the demurrer. The words as set forth in the declaration are not actionable. No colloquium is introduced, concerning any building before that time, burnt. The innuendo in the first part of the declaration, in these words, " meaning the bark house of the defendant and others," which had then lately been burnt, cannot be taken to supply the place of a colloquium, nor can it, in any way, help the matter, as there is nothing going before to which it refers, for explanation, as is the office of an innuendo.

*Elliot,* for the plaintiff. The words set forth in the declaration, are in themselves actionable ; but, if not, the declaration may be taken as containing two sets of words, or, rather two counts ; then the innuendo in the first count is in the nature of a colloquium, of, and concerning a certain bark house, which had, then lately been burnt ; and the innuendoes in the second count, refering to the first, so fixes the meaning, as clearly to render the words in the second count actionable, if not otherwise so.

*By the Court.* The words as set forth in the declaration are not actionable. Had there been a colloquium introduced, of and concerning a certain building, called a bark house, belonging to said Chapin Howard and others, and which had then lately been burnt, and was supposed to have been set on fire by some evil disposed person ; the words laid in the declaration might, with proper innuendoes, refering to the colloquium, have been held actionable. But it is the office of an innuendo to explain, by refering to something already introduced, not to introduce new matter. The innuendo, relied upon by the plaintiff's counsel, in what he calls the first set of words, is introductory of new matter. There is no colloquium, no facts stated to which it can refer. The matter in what is called the first set of words is insufficient, and a reference, in what is called the second set of words to this insufficient matter, cannot avail ; and as no special damages are laid, the declaration cannot be supported, there must therefore be

            Judgment for the defendant,